**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ALBERT WATSON, III,**

            **Petitioner,**

    **v.**                                             **Case No. 2:04-CV-368**
                                                          **JUDGE FROST**
**DEBORAH TIMMERMAN-COOPER,**          **Magistrate Judge KING**
**Warden,**

            **Respondent.**

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

**I. PROCEDURAL HISTORY**

Petitioner was indicted by the October 2001 term of the Muskingum County grand jury on robbery, in violation of O.R.C. §2911.021(A)(2), and theft, in violation of O.R.C. §2913.02(A)(1). Exhibit 1 to Return of Writ. While represented by counsel, on July 29, 2002, petitioner pleaded guilty to the charges. Exhibit 2 to Return of Writ. Petitioner was sentenced to an aggregate term of four years and eleven months incarceration. Exhibit 3 to Return of Writ. Represented by new counsel, petitioner filed a timely appeal of his convictions and sentence to the Fifth District Court of Appeals. Appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967.  Exhibit 4 to Return of Writ. However, petitioner filed a *pro se* brief, in which he asserted the following assignments of error:

> 1. The trial court erred to the prejudice of appellant by failing to consider necessary statutory criteria before imposing consecutive sentences; appellant's lack of benefit to the statutory criteria governing consecutive sentences denied appellant's rights to due process to the procedure.

> 2. Appellant's plea of guilty was involuntary, unknowing and unintelligent when the trial court failed to inform him that he was waiving critical substantive rights to statutory evaluations regarding the imposition of consecutive sentences and that the four year sentence for the robbery charge was mandatory time.

> 3. Plea counsel rendered ineffective assistance to appellant by allowing appellant to agree to a "jointly recommended" sentence which deprived appellant of his statutory rights to be properly evaluated for consecutive sentences under Senate Bill 2, and appeal thereof [sic] , and appellant received no apparent benefits from his plea of guilty.

> 4. Plea counsel rendered ineffective assistance to appellant by failing to move the sentencing court for evaluation under Revised Code Section 2941.25, the multiple counts statute, when the theft and robbery charges constituted allied offenses and should have been merged.

Exhibit 6 to Return of Writ. On January 22, 2003, the state appellate court affirmed the judgment of the trial court. Exhibit 8 to Return of Writ. Proceeding *pro se*, petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. The dictates of *Anders v. California* (1967), 386 U.S. 738 and its progeny, are violated when:

> A. Appellate counsel fails to file a brief referring to anything in the record that might arguably support the appeal;

> B. The court of appeals finds the *pro se* errors frivolous but failed to order appellate counsel to argue the issues or appoint new counsel to do so, when the *pro se* errors had arguable merit;

> C. Appellant was denied representation during the appeal when appellate counsel filed his motion to withdraw from the appeal;

2

D. The appeal was not resolved in a way that is related to an adjudication on the merits;

E. Appellant's *pro se* errors were not evaluated by appellate counsel, or any attorney, nor argued before the court of appeals by an attorney;

F. Instead of advocating on behalf of Appellant, appellate counsel filed a motion to withdraw and argued against the appeal and against any possible errors on appeal.

2. The statutory evaluations required before imposing consecutive sentences extends to sentences already imposed by other counties when the multi-county sentences were a single crime spree, despite that the consecutive aspect of the sentence was jointly recommended per R.C. 2953.08(D) but was not authorized by law per R.C. 2953.08(D).

3. A plea of guilty is involuntary, unknowing and unintelligent when the trial court fails to inform defendant that he is waiving critical, substantive rights to statutory evaluation regarding the imposition of consecutive sentences and that the four year sentence was mandatory time.

4. Plea counsel's representation is ineffective when he agrees to a "jointly recommended" sentence which deprives defendant of his statutory right to be evaluated under consecutive sentence statutes and defendant received little or no benefits from his plea of guilty.

5. Despite a plea of guilty, plea counsel renders ineffective assistance to a criminal defendant by failing to move the sentencing court for evaluation under Revised Code Section 2941.25, the multiple counts statute, when the theft and robbery charges constituted allied offenses and should have been merged.

Exhibit 9 to Return of Writ. On May 16, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 10 to Return of Writ.

On May 12, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. [T]he dictates of *Anders v. California* (1967), 386 U.S. 738; *Penson v. Ohio* (1988), 488 U.S. 75; and *Smith v. Robbins* (2000), 528 U.S. 259, were violated on his direct appeal... by his appellate counsel and the court of appeals when one or all of the following occurred:
>
> a. Appellate counsel failed to file a brief referring to anything in the record that might arguably support petitioner's appeal;
>
> b. The court of appeals found the *pro se* errors filed by petitioner to be frivolous but failed to order appellate counsel to argue the issues or appoint new counsel to do so, when the *pro se* errors had arguable merit;
>
> c. Petitioner was denied representation during the appeal when appellate counsel filed his motion to withdraw from the appeal and the court of appeals granted the motion;
>
> d. The appeal was not resolved in a way that is related to an adjudication on the merits;
>
> e. Petitioner's *pro se* errors on appeal were not evaluated by appellate counsel, or any attorney, nor argued before the court of appeals by any attorney;
>
> f. Instead of advocating on behalf of petitioner, appellate counsel filed a motion to withdraw and argued against the appeal and against any possible errors on appeal.
>
> 2. Petitioner's sentencing procedure was fundamentally unfair in violation of petitioner's due process rights when petitioner was not afforded mandatory statutory sentencing evaluations provided by Ohio law through the enactment of new sentencing laws, commonly referred to as Senate Bill 2, which went into effect on July 1, 1996.
>
> Petitioner was denied the mandatory evaluation and benefits of Revised Code Sections 2929.14(E)(4)(A), (b) and (c), and (E)(5), and 2929.19(B)(2)(c).

Petitioner was also denied the benefit of Revised Code Sections 2953.08(C) and (D).

Petitioner alleges that the mandatory nature of the statutory sentencing evaluations creates a constitutional issue when the sentencing procedure is rendered fundamentally unfair for lack of the mandatory evaluations.

3. Petitioner's plea of guilty was involuntary, unknowing and unintelligent, when the trial court failed to inform petitioner that he was waiving critical, substantive rights to statutory evaluations regarding the imposition of consecutive sentences and that the four year sentence was mandatory time.

4. Petitioner's plea counsel rendered ineffective assistance when he agreed to a jointly recommended sentence which deprived petitioner of his statutory right to be evaluated under consecutive sentence statutes which evaluation is mandatory under Ohio law and petitioner received little or not benefit from his plea of guilty rendering the plea invalid.

***

Petitioner was prejudiced when a proper evaluation of petitioner's sentence under the mandatory statutes would have resulted in his sentence being run concurrent with sentences from Franklin, Erie, and Fairfield Counties, and his sentences in the case at hand concurrent [with] each other.

5. Petitioner's plea counsel rendered ineffective assistance when he failed to move the sentencing court for an evaluation under Revised Code Section 2941.25, the multiple counts statute, when the theft and robbery charges constituted allied offenses and should have been merged, resulting in the imposition of concurrent sentences.

Petitioner did not fully understand the effect of his plea of guilty, the right to evaluation under the allied offense statute he unknowingly waived, and the consequences of same when considering the allegation [of ineffective assistance of counsel] when plea counsel failed to advise petitioner that he was waiving this right to an allied offense statute when petitioner pleaded guilty and agreed to an improper sentence.

5

Petitioner was prejudiced by plea counsel's failure when an evaluation under the allied offense statute would have resulted in the sentences to be run concurrent[ly] instead of consecutive[ly].

It is the position of the respondent that all of petitioner's claims are without merit.

## II. CLAIM ONE

In claim one, petitioner asserts that he was denied the effective assistance of appellate counsel when his attorney filed a brief pursuant to *Anders v. California, supra*, 386 U.S. at 738. Petitioner asserts that his attorney unconstitutionally failed to identify any arguable issues of merit when requesting to withdraw as appellate counsel; he asserts that the state appellate court improperly failed to appoint an attorney on petitioner's behalf to argue the claims petitioner raised in his *pro se* appellate brief; he complains that no oral argument was conducted; and finally, petitioner asserts that the state appellate court improperly failed to consider petitioner's response to the State of Ohio's response to his *pro se* appellate brief. *See Traverse*. Petitioner's arguments are unpersuasive.

In *Anders v. California, supra,* 386 U.S. at 744, the United States Supreme Court held:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* However,

6

> Although... indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal....
>
> To put the point differently, an indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of "a fair opportunity" to bring his appeal for fairness does not require either counsel or a full appeal once it is properly determined that an appeal is frivolous.

*Smith v. Robbins*, 528 U.S. 259, 278 (2000)(footnote and citations omitted). Further, the Supreme Court has clarified that the procedure outlined in *Anders* is not mandatory, but constitutes a "prophylactic framework" or guide to be used by the states to vindicate a criminal defendant's right to appellate counsel. *Id.*, at 273, citing *Pennsylvania v. Finley,* 481 U.S. 551 (1987).

In this case, appellate counsel and the state appellate court followed the procedure outlined in *Anders*.  Appellate counsel filed a request to withdraw, a statement of the facts and history of the case, and a memorandum discussing petitioner's arraignment and guilty plea. Appellate counsel in his memorandum discussed the potential issues for appeal, but ultimately concluded that there were no potential assignments of error. Petitioner was served with a copy of counsel's motion, and given the opportunity to file a *pro se* brief. *See* Exhibits 4, 5. Petitioner thereafter raised four assignments of error, all of which were overruled by the state appellate court.  In its decision denying petitioner's appeal, the state appellate court stated:

> Pursuant to *Anders vs. California, supra*, once counsel for the appellant notified this Court that he believed the within appeal to be wholly frivolous, this Court must examine the entire record to determine if there is any merit to the within appeal. If this Court determines that the appeal is wholly frivolous, the Court may grant the attorney's request to withdraw.

> In the instant case, we have examined the record, and find the within
> appeal to be wholly frivolous. Accordingly, the motion... to withdraw
> as counsel for appellant in the instant case is hereby granted.

Exhibit 8 to Return of Writ.

In view of the all of the foregoing, this Court concludes that petitioner has failed to establish

that he was denied the effective assistance of appellate counsel when his attorney filed a motion to

withdraw pursuant to the procedure outlined in *Anders*. Claim one is without merit.

### III. CLAIM TWO

In claim two, petitioner asserts that he was sentenced in violation of state law, and that he

was denied due process when the trial court failed to comply with state law when it imposed

consecutive sentences. *Petition; Traverse*. The state appellate court rejected petitioner's claim as

follows:

> [A]ppellant maintains the trial court erred in failing to consider the
> necessary statutory criteria before imposing consecutive sentences.
> We disagree.
>
> R.C. §2929.14(E)(4)(c) provides that if multiple prison terms are
> imposed on an offender for convictions of multiple offenses, the trial
> court may require the offender to serve the prison terms
> consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crimes or to punish the
> offender and that the consecutive sentences are not disproportionate
> to the seriousness of the offender's conduct and to the danger that the
> offender poses to the public, and if the court also finds that the
> offender's history of criminal conduct demonstrates that consecutive
> sentences are necessary to protect the public from future crimes by
> the offender.
>
> In the instant case, we find that the trial court's written entry
> sentencing appellant to consecutive sentences satisfied the above
> statutory mandate.

Exhibit 8 to Return of Writ.

8

Petitioner's claim raises an issue of state law that is not appropriate for federal habeas corpus review. A federal court may review state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Further, to the extent that petitioner does raise a federal constitutional issue, such claim was never presented to the state courts, and therefore, will not be considered here. In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears to be self-evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the

9

Constitution, federal decisions employing Constitutional analysis, or state decisions employing Constitutional analysis in similar fact patterns." *Levine v. Trovik*, 986 F.2d 1506, 1515 (6th Cir. 1993)(citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)).  Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984).  Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 7758 (9th Cir. 1960)).  The Sixth Circuit has strictly followed the requirement that petitioner fairly present his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).  Petitioner has failed to establish cause or prejudice for his failure to present any federal constitutional claim to the Ohio courts.  Petitioner therefore has waived the right to present such claim in federal habeas corpus review.

## IV. CLAIM THREE

In claim three, petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary because the trial court failed to advise petitioner that he would be ineligible for a reduced sentence under O.R.C. §2929.20,[1] or for early release credits. The state appellate court rejected this

---

[1]  O.R.C. §2929.20 provides:

(A) As used in this section, "eligible offender" means any person serving a stated prison term of ten years or less when either of the following applies:

(1) The stated prison term does not include a mandatory prison term.

(2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term.

(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible

10

offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:

(1)(a) Except as otherwise provided in division (B)(1)(b) or (c) of this section, if the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution.

(b) If the stated prison term is five years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.

(c) If the stated prison term is more than five years and not more than ten years and is an aggregate of stated prison terms that are being served consecutively and that were imposed for any combination of felonies of the fourth degree and felonies of the fifth degree, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.

(3) If the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term.

(4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.

(5) If the offender's stated prison term includes a mandatory prison term, the offender shall file the motion within the time authorized under division (B)(1), (2), (3), or (4) of this section for the nonmandatory portion of the prison term, but the time for filing the motion does not begin to run until after the expiration of the mandatory portion of the prison term.

(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender.

A hearing under this section shall be conducted in open court within sixty days after the date on which the motion is filed, provided that the court may delay the hearing for a period not to exceed one hundred eighty additional days. If the court holds a hearing on the motion, the court shall enter a ruling on the motion within ten days after the hearing. If the court denies the motion without a hearing, the court shall enter its ruling on the motion within sixty days after the motion is filed.

(D) If a court schedules a hearing under division (C) of this section, the court shall notify the eligible offender of the hearing. The eligible offender promptly shall give a copy of the notice of

11

the hearing to the head of the state correctional institution in which the eligible offender is confined. If the court schedules a hearing for judicial release, the court promptly shall give notice of the hearing to the prosecuting attorney of the county in which the eligible offender was indicted. Upon receipt of the notice from the court, the prosecuting attorney shall notify the victim of the offense for which the stated prison term was imposed or the victim's representative, pursuant to section 2930.16 of the Revised Code, of the hearing.

(E) Prior to the date of the hearing on a motion for judicial release under this section, the head of the state correctional institution in which the eligible offender in question is confined shall send to the court a report on the eligible offender's conduct in the institution and in any institution from which the eligible offender may have been transferred. The report shall cover the eligible offender's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the eligible offender. The report shall be made part of the record of the hearing.

(F) If the court grants a hearing on a motion for judicial release under this section, the eligible offender shall attend the hearing if ordered to do so by the court. Upon receipt of a copy of the journal entry containing the order, the head of the state correctional institution in which the eligible offender is incarcerated shall deliver the eligible offender to the sheriff of the county in which the hearing is to be held. The sheriff shall convey the eligible offender to the hearing and return the offender to the institution after the hearing.

(G) At the hearing on a motion for judicial release under this section, the court shall afford the eligible offender and the eligible offender's attorney an opportunity to present written information relevant to the motion and shall afford the eligible offender, if present, and the eligible offender's attorney an opportunity to present oral information relevant to the motion. The court shall afford a similar opportunity to the prosecuting attorney, the victim or the victim's representative, as defined in section 2930.01 of the Revised Code, and any other person the court determines is likely to present additional relevant information. The court shall consider any statement of a victim made pursuant to section 2930.14 or 2930.17 of the Revised Code, any victim impact statement prepared pursuant to section 2947.051 of the Revised Code, and any report made under division (E) of this section. After ruling on the motion, the court shall notify the victim of the ruling in accordance with sections 2930.03 and 2930.16 of the Revised Code.(H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:

(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

(2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors

claim as follows:

> [A]ppellant maintains that his pleas of guilt were involuntary, unknowing, and unintelligent. We disagree.
>
> We have reviewed the transcript from the sentencing, including the written plea form, and believe that appellant entered his pleas knowingly, voluntarily, and intelligently. We further find that appellant was adequately represented by counsel at the trial court level.

Exhibit 8 to Return of Writ.

Petitioner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir.1997). Under 28 U.S.C. §2254(e)(1), the state court's factual findings are entitled to a presumption of correctness:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

---

described in that division that were presented at the hearing.

(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. If the court made any findings pursuant to division (H)(1) of this section, the court shall serve a copy of the findings upon counsel for the parties within fifteen days after the date on which the court grants the motion for judicial release. Prior to being released pursuant to a judicial release granted under this section, the eligible offender shall serve any extension of sentence that was imposed under section 2967.11 of the Revised Code.

*Id.* Further, the state court's decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

However, where, as here, the state appellate court fails to include any discussion of petitioner's federal constitutional claim, this Court conducts a *de novo* review. *See McAdoo v. Elo,* 365 F.3d 487, 498 (6th Cir. 2004); *Maples v. Stegall,* 340 F.3d 433, 437 (6th Cir. 2003), citing *Wiggins v. Smith*, 123 S.Ct. 2527 (2003); *Newton v. Million,* 349 F.3d 873, 877-78 (6th Cir. 2003); *Benge v. Johnson*, – F.Supp.2d –, 2004 WL 764409 (S.D. Ohio March 31, 2004).

14

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). However, "'*Boykin* does not require separate enumeration of each right waived and separate waivers as to each.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988)(quoting *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975). It is not necessary to consciously waive each potential defense relinquished by a plea of guilty. *United States v. Broce*, 488 U.S. 563 (1989). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks,* 852 F.2d at 885 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

Petitioner signed a plea agreement that indicated that the maximum prison term on count one was 8 years incarceration, and the maximum prison term on count two was 18 months incarceration. Exhibit 2 to Return of Writ. The plea agreement indicated that he understood the maximum penalties for the offenses. The plea agreement provided:

> Prison terms for multiple charges, even if consecutive sentence[s] are not mandatory, may be imposed consecutively by the court.
>
> ***
>
> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:

15

> In exchange for the Defendant's plea to the within-stated offenses, the State recommends that the Defendant receive a four year sentence on count one, that he receive an eleven month sentence on count two; that said sentences run consecutive and consecutive to case 01CR-430, Erie County, and consecutive to case 01CR-229, Fairfield County.
>
> I further understand the prosecutor's recommendation does not have to be followed by the Court.
>
> I understand that by pleading guilty I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.
>
> By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a presentence report. I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand the consequences of a conviction upon me if I am not a U.S. citizen. I enter this plea voluntarily.

Exhibit 2 to Return of Writ.  Further, petitioner was explicitly advised by the trial court at the time of his guilty plea of all of the rights he was waiving by pleading guilty.  Petitioner at all times indicated that he understood.  Petitioner again was advised as to the maximum penalties for the offenses charged.  The trial court agreed to be bound to the plea negotiations, and proceeded immediately to sentencing.  Petitioner was so advised, and indicated that he understood that the prosecutor had recommended that consecutive sentences be imposed.

> COURT: The State of Ohio is recommending that you receive a four-year sentence on Count 1, an eleven-month sentence on Count 2, that those be served consecutive to each other, consecutive to the sentence you receive in Erie County, and consecutive to the sentence you

16

receive in Fairfield County.  Is that your understanding of the plea negotiations?

DEFENDANT: Yes, sir.

\*\*\*

COURT: There is also – do you understand the Court is agreeing to be bound by – to these plea negotiations and proceed to sentencing today?

DEFENDANT: Yes, sir.

COURT: Do you agree to that?

DEFENDANT: Yes, sir.

COURT: You also understand by doing that, you're waiving your right to appeal your sentence?

DEFENDANT: Yes, sir.

*Transcript,* July 29, 2002, attached to Exhibit 4 to Return of Writ.  Contrary to petitioner's allegations, the trial court's failure to advise petitioner that the mandatory nature of the sentence imposed might make him ineligible for early release on parole simply does not render the plea constitutionally invalid.  Eligibility for release on parole constitutes a "collateral consequence" of the guilty plea that does not have to be separately addressed in the guilty plea proceeding.  *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994)(citations omitted); *see also Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983); *Armstrong v. Egeler*, 563 F.2d 796, 800 (6th Cir. 1977).

Claim three is without merit.

## V.  CLAIMS FOUR AND FIVE

These claims are related and will be considered together here.

In claim four, petitioner asserts that he was denied the effective assistance of counsel because his attorney advised him to plead guilty under terms of a plea agreement that recommended the imposition of consecutive sentences.  Petitioner asserts that he was entitled to be sentenced concurrently under Ohio law, and asserts that his attorney improperly advised him to waive his right to "important sentencing evaluations" required prior to the imposition of consecutive sentences.

In claim five, petitioner asserts that he was denied the effective assistance of counsel due to his attorney's failure to ask that petitioner's convictions be merged for purposes of sentencing as allied offenses of similar import pursuant to O.R.C. §2941.25(A), which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

The state appellate court rejected petitioner's claims as follows:

> Because this Court has determined that appellant was effectively represented at the trial court level, we hereby overrule appellant's third and fourth assignments of errors.  Indeed, appellant stated on the record that he was satisfied with his representation.  It is important to note that appellant could have been sentenced to eight (8) years of imprisonment on the robbery charge alone.

Exhibit 8 to Return of Writ.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411

U.S. 258, 267 (1973).  The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687

(1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988).  In

order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of

counsel ineffectiveness must first show that counsel's advice was not within the range of

competence demanded of attorneys in criminal cases.  *Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Petitioner has failed to meet this standard here.  Nothing in the record reflects that the

prosecutor would have been unable to prove the charges against petitioner.  At the time of

petitioner's guilty plea, the prosecutor summarized the charges against petitioner as follows:

> [PROSECUTOR]: ... [I]f this matter had proceeded to trial, the State believes the evidence would have shown that on or about the 16th day of July, 2001, in Muskingum County, Ohio... that Albert Watson, along with a co-defendant names Steve Wilson, did, in attempting to commit a theft offense as defined by law... or fleeing immediately after that attempt or offense, attempt to inflict or threaten to inflict physical harm on Amy Guss, who was an employee at the Lazarus jewelry department, in violation of Ohio Revised Code Section 2911.02(A)(2).

> With regard to the second count, the State believes the evidence would have shown that on or about – on the same date, time, and place, the defendant, along with Mr. Wilson, did, with purpose to deprive Lazarus, being the owner of certain property, that being miscellaneous diamond earrings and necklaces, knowingly obtain or exert control over that property without the consent of Lazarus, being the owner or person authorized to give consent....

19

> COURT: Do you have an exact amount in regards to what was taken?
>
> MR. SMITH: According to the summary sheet provided by the police department, $33,603.

*Transcript,* July 29, 2002, attached to Exhibit 4 to Return of Writ.  Thereafter, defense counsel and

petitioner indicated as follows:

> [DEFENSE COUNSEL]: ... Albert's truly remorseful for what's happened.  At the time this was going on, he was under a lot of the influence of drugs and alcohol.  And he's trying to take steps to take care of those issues while he's been incarcerated.  He's getting classes to get his GED.  He's going to be starting trying [sic] to go to – get to college while he's in serving his time, and he's just ready to put this whole situation behind him.  And he just hopes the Court will abide by our agreement, and he's ready for sentencing.  He has a few words he also wants to say.
>
> ***
>
> DEFENDANT: I accept responsibility for my actions, and I'm truly remorseful for the things I have done; and I apologize to the Court and to this County for the crime that was committed.

*Id.*  Petitioner stated that he was satisfied with the advice and assistance of defense counsel.  *Id.*

Further, even assuming that the charges against petitioner constituted allied offenses of similar

import, the state appellate court noted that petitioner could have been sentenced to eight years

incarceration on his robbery conviction alone.  Exhibit 8 to *Return of Writ.*  Instead, pursuant to the

terms of his guilty plea, petitioner received a cumulative sentence of four years and eleven months,

*i.e.,* substantially less than his total sentence exposure.  Additionally, and contrary to petitioner's

allegations, the state appellate court concluded that the trial court complied with Ohio's sentencing

statutes prior to imposing consecutive sentences.  *See, Id.*  Thus, petitioner has failed to establish

the ineffective assistance of counsel under the test set forth in *Strickland* due to his attorney's

recommendation to plead guilty pursuant to a plea agreement requiring the imposition of consecutive sentences.

Claims four and five are without merit.

## VI.

Based upon all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Feb. 7, 2005                                                        s/Norah McCann King
                                                                  Norah McCann King
                                                                  United States Magistrate Judge